UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PERRY O. MACKALL**

       Plaintiff,                CIVIL ACTION NO. 05-CV-71494-DT

v.                                 DISTRICT JUDGE GEORGE CARAM STEEH

**JANE DOE, et. al.,**         MAGISTRATE JUDGE DONALD A. SCHEER

       Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION**: The Complaint should be dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g), and Plaintiff's *in forma pauperis* status should be revoked.

\*   \*   \*

Plaintiff, Perry Mackall, a state prisoner currently incarcerated at the Deerfield Correctional Facility, in Ionia, Michigan, filed the instant prisoner civil rights suit, pursuant to 42 U.S.C. § 1983, on April 18, 2005, against thirty officials employed by the Michigan Department of Corrections (MDOC). Plaintiff has been granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(a)(1).

Under the Prison Litigation Reform Act ("PLRA"), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(g) (1996).

The Court's database reveals that Plaintiff has filed at least three (3) prior cases in the United States District Court for the Eastern District of Michigan which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See*:

| Case No. | Defendant(s) | Dismissal Date | U.S. District Judge |
| --- | --- | --- | --- |
| 05-CV-60077 | Townsend | 5/12/2005 | John O'Meara |
| 05-CV-71416 | Davis | 5/11/2005 | Victoria Roberts |
| 05-CV-71495 | Fenby | 5/09/2005 | Lawrence Zatkoff |

Plaintiff has also filed at least twelve (12) prior cases in the United States District Court for the Western District of Michigan, which have been dismissed in the past three months as frivolous or for failure to state a claim upon which relief may be granted.

Plaintiff has made no showing that he is under imminent danger of serious physical injury, which would normally constitute an exception to the "three strikes" rule.  Consequently, I am persuaded that the Court should revoke the   Plaintiff's pauper status.

**THREE STRIKES RULE**

A prison inmate who has accumulated at least three strikes  is  prohibited from proceeding   *in forma pauperis* in subsequent civil actions or appeals unless the prisoner is under imminent danger of serious physical injury.  The relevant statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

To fall within the statutory exception to the three strikes rule, a prisoner must allege that he is under imminent danger of serious physical injury at the time he files his complaint and seeks to proceed *in forma pauperis*. See <u>Mitchell v. Tennessee</u>, 86 Fed. Appx. 898, 899 (6th Cir. 2004). Plaintiff, however, has not shown that he is under imminent danger or that he risks serious physical injury. His complaint alleges that several pieces of his personal mail and religious materials have been torn and cut prior to delivery.

Having carefully reviewed his complaint, I am persuaded that Plaintiff has not sufficiently alleged that he "is under imminent danger of serious physical injury" so as to fall within the exception to the "three strikes" provision of 28 U.S.C. § 1915(g). Accordingly, Plaintiff's complaint should be dismissed under 28 U.S.C. § 1915(g). Furthermore, Plaintiff's *in forma pauperis* status should be revoked, and he should not be allowed to proceed before this Court *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). Should Plaintiff wish to pursue the allegations

contained in this complaint, he should submit payment of the $225.00 filing fee, less the initial partial payment and any other amounts paid to the Court for this case, within 30 days. Upon receipt of the full filing fee, the Court could then re-open the case and review the complaint to determine whether it should be served upon Defendants or should be summarily dismissed under 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Steeh's acceptance thereof is waived.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: August 31, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 31, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 31, 2005. Perry MacKall.

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217